# Edwin C. Weaver *v.* Lorenzo H. Cone, Appellant.

*Deceit—Fraud—Sale of stock—Evidence.*

In an action for deceit, it appeared that defendant was the owner of the controlling interest in the stock of a corporation. He sold over six hundred shares of the stock at $100 a share, and agreed with the purchaser to purchase for him the other shares at as low a figure as possible. Defendant sent a person to notify plaintiff who was the owner of stock that he, defendant, had sold his interest in the company. Plaintiff immediately called upon defendant who told him he got $80.00 for his stock, and went with him to the office of the purchaser who offered plaintiff $80.00 for his stock, which was accepted. Defendant admitted that he told plaintiff that he got $80.00 for his stock, but denied that he told him he got only $80.00 for it.

The court instructed the jury in effect that if they found for the plaintiff they could not assess damages for a greater sum than the difference between the price he obtained for his stock, and the actual value of it. The court also charged " it is for you to say, if you should find that the defendant did deceive the plaintiff willfully by a false statement, what damage he suffered. In other words, if he had not been deceived by the false statement by the defendant, how much more could he have realized on his stock." *Held*, that the instruction was correct, that the case was for the jury, and that a verdict and judgment for plaintiff should not be disturbed.

In an action to recover damages for a loss occasioned by a false representation of the defendant which induced the plaintiff to sell his stock in a corporation at less than its market value, the plaintiff may properly be asked what it was that induced him to sell his stock at the price which he did.

Argued Jan. 22, 1896. Appeal, No. 466, Jan. T., 1895, by defendant, from judgment of C. P. No. 3, Philadelphia County, June T., 1892, No. 205, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for deceit.

The facts appear by the opinion of the Supreme Court.

When plaintiff was on the stand he was asked this question: Q. What was it induced you to sell your stock at that figure? (Objected to by defendant. Objection overruled. Exception by defendant.) A. Well, I thought that Mr. Cone was putting me in at the best price obtainable. I thought that was the best price that could be had for the stock, and that it

would be dangerous to keep it after these representations. [4]

The court charged in part as follows :

[It appears that both plaintiff and the defendant had been stockholders in what was called the Upper Delaware Navigation Company, a corporation which ran a line of steamboats between the port of Philadelphia and Bristol, and this plaintiff received a notice one day from Mr. Edwards, who, it is admitted, was sent for that purpose by the defendant—received a notice from Mr. Edwards that this defendant, who held a majority of the stock, had sold his stock.] [1] The plaintiff says that thereupon he sought Mr. Cone, the defendant, and had a conversation with him, and asked if it was true that Cone, who owned over six hundred shares, had sold the stock, and Cone said that he had. Plaintiff said that he asked Cone who was the purchaser, and Cone replied that he was not sure, but he thought it was the Reading Railroad. [And the plaintiff alleges also that Mr. Cone said that he had obtained $80.00 a share for his stock; that Mr. Wyckoff, another stockholder, and he (Cone) had had an appraisement of the stock made at $90.00, but that they were only able to obtain $80.00, and that that was all that he received for the stock. In consequence of this information the plaintiff says that he went with Cone to a broker named Worrell, and there parted with his stock, thirty shares, at $80.00 a share.] [2] He alleges that he did this in consequence of what Mr. Cone said, and because Mr. Cone said that he had got $80.00 and no more for his stock. Now that is the false statement which the plaintiff alleges caused him to part with his stock for $80.00, and that caused him the damage which he says he suffered.

The defense is a denial that such a statement was made. As I remember Mr. Cone's testimony, it was that he refused to say to plaintiff who had bought his stock and the price which he had obtained; but that when asked whether he had gotten $80.00 for the stock he had said yes, he got $80.00. And it is argued to you—and I understood the testimony of Mr. Cone also to involve the same statement, if not actually, at least inferentially—it is argued to you that by thus saying the defendant did no more than say he got at least $80.00, and that he did not misrepresent the facts, in that he did not actually say he got no more than $80.00. However that may be, you will observe that there is at least this concurrence between the plaintiff and the

defendant. The plaintiff and the defendant agree upon this, at least, that the defendant did say he got $80.00 for his stock; hence you will see the question of what Mr. Cone's declaration was turns upon so small a point as this. The plaintiff says that the defendant said he got no more than $80.00; that he tried to get $90.00, but could only get $80.00; and the defendant says: "I said no more than that I got $80.00. I did not say that I got no more than $80.00."

It appears from the evidence in this case that the defendant got $100 for his stock. By an agreement which he made with Mr. Morrell, who wanted to secure the control and ownership of this company, and which agreement has been offered in evidence, it appears that he obtained for six hundred and eight shares of stock $100 a share, payable partly in cash and partly in notes, which we are bound to believe have been paid, as there is no evidence that they have not been paid; and for some thirty odd shares he sold he got $87.50, and the reason he got $87.50 was because he said he agreed with Mr. Morrell that he would sell those shares—some thirty-two, I think—at the sum for which he had bought them—$87.50.

You will consider, first, whether the defendant did say that he had received only $80.00 for the stock. If he did say that, it was a false statement. If he did say that he endeavored to get $90.00, but was only able to get $80.00, from the evidence in this case it was clearly false, and you will be brought to consider whether this plaintiff relied upon that statement and parted with his property in consequence of it, and in reliance upon its truthfulness. Of course I need not say to you that if the defendant did not make that statement, if he did not pretend or say, either actually or inferentially, that he got only $80.00, then there would be no false pretense; but if you should find that he did declare that $80.00 was all he received, and you should find that the plaintiff relied upon that statement and sold his stock, in consequence of it, for $80.00, then you would be brought to consider his loss.

How much was his damage by his reliance upon that false statement? It is in evidence that a number of people, Mrs. Brooks, Mr. Dixon, and M. Wyckoff, and some others whose names I cannot recall, at or about this time also sold their stock to Mr. Morrell, and they got sums varying from $90.00 to $120.

Most of them, I think the majority of them, got $100 a share for their stock. Some got $90.00, some got $95.00, and the owner of the last block of stock got $120. There is no evidence in this case of any other purchases by Mr. Morrell at this time, or by anybody else, except as to a small quantity of stock that Mr. Massey said he had acquired and purchased or had negotiated for the purchase of before he bought Mr. Cone's stock, for which he paid $75.00. But this he said he had bought or had the option or right to buy before the sale of the majority of the stock by Cone. But, from the evidence, it would appear that at the sale of stock outside of Mr. Cone's the prices ranged from $90.00 to $120, and [it is for you to say, therefore, if you should find that the defendant did deceive the plaintiff willfully by a false statement—it will be for you to say what damage he suffered. In other words, if he had not been deceived by the false statement of the defendant, how much more could he have realized on his stock?] [3]

Verdict and judgment for plaintiff for $600. Defendant appealed.

*Errors assigned* were (1–3) instructions as above, quoting them; (4) ruling on evidence, quoting the bill of exceptions.

*S. Davis Page, William D. Neilson* with him, for appellant. —The charge of the court did not submit equally the plaintiff's and defendant's case. The evidence did not warrant the assertion in the charge which forms the subject of the first assignment of error: Penna. R. R. v. Lyons, 129 Pa. 113; Heydrick v. Hutchinson, 165 Pa. 208; Young v. Merkel, 163 Pa. 513; Branson v. Kitchenman, 148 Pa. 541; Fullam v. Rose, 160 Pa. 47.

Whether or not the defendant's representation or statement as to the price which he had obtained for his stock was the inducing cause of the plaintiff's action was for the jury to determine upon all the collateral facts and circumstances, but to permit the plaintiff to state directly the secret motive which induced his action was manifestly unfair to the defendant, and placed upon him a burden which no defendant under the circumstances could successfully sustain: Cullmans v. Lindsay, 114 Pa. 166; Cake v. Pottsville Bank, 116 Pa. 264; Thomas v. Loose, 114 Pa. 35.

*Francis H. Bohlen*, for appellee.—The charge of the court, taken as a whole, was a full, fair, and impartial statement of the law and the facts : Pa. Canal Co. v. Harris, 101 Pa. 80 ; Reese v. Reese, 90 Pa. 89 ; P. R. R. v. Coon, 111 Pa. 430.

The question asked plaintiff was an eminently proper one to bring out the essential and necessary fact that he had sold his stock owing to his belief in the truth of these statements : Mc-Grann v. Pittsb. & L. E. R. R., 111 Pa. 171 ; Dick v. Cooper, 24 Pa. 217 ; Abbéy v. Dewey, 25 Pa. 413 ; Sharp v. Long, 28 Pa. 433 ; Knight v. Peacock, 116 Mass. 362 ; Safford v. Grout, 120 Mass. 20 ; Edgington v. Fitzmaurice, L. R. 29 Ch. Div. 459 ; Cullmans v. Lindsay, 114 Pa. 116 ; Cake v. Pottsville Bank, 116 Pa. 264 ; Royer v. Ephrata Borough, 171 Pa. 435.

OPINION BY MR. JUSTICE McCOLLUM, March 2, 1896 :

Lorenzo H. Cone, the defendant in this case, was at one time a director and the secretary or treasurer of the Upper Delaware River Transportation Company and the owner of a majority of its stock. In January, 1892, he sold to Edward Morrell six hundred and eight shares of the stock at $100 a share and seventy two shares of it at $87.50 a share. This sale gave to Morrell a clear majority of the company's stock. He testified in the trial that at the time he purchased the stock he had a verbal agreement with Cone that he should purchase for him the other shares at as low a figure as possible.

Edwin C. Weaver the plaintiff in this case, was in January, 1892, and for sometime previous thereto, the owner of thirty shares of the stock of the transportation company, and his father was the owner of fifty shares of it. On the 23d of January, 1892, they were notified that Cone had sold his stock and desired that the minority stockholders should know it, to give them a chance to get out. The plaintiff testified on the trial that the person who notified them of Cone's sale assured them that he did so at Cone's request. The plaintiff, so advised, immediately called upon Cone, who told him he got $80.00 for his stock, and went with him to the office of Worrell who offered him $80.00 for his if he would include his father's stock in the sale and deliver the stock that day. The offer was finally accepted and the money paid and stock delivered in accordance with it. To the extent that we have stated what was said at the interview

between Weaver and Cone, and what occurred at Worrell's office, the parties agree in their testimony. But we have not stated all that was said by either party at that interview because their versions of it are radically different and conflicting. It is not necessay to include in this opinion the details of their testimony descriptive of it. A reference to the substance of it is deemed sufficient. Weaver testified that when he called upon Cone the latter said he had sold his stock, and offered to go with him to the broker and help him sell his; that when questioned as to the price of the stock he said it was eighty and that was the best that could be obtained for it; "that he and Dr. Wyckoff had appraised the stock at ninety dollars per share, but considering the circumstances they concluded to sell at eighty," and that "he only got eighty for his stock." Cone testified that he went to the broker with Weaver at his request · admitted that he told Weaver he got $80.00 for his stock but denied that he told him he only got $80.00 for it. He also testified that he refused to tell Weaver who he sold to or to say anything more about it than that he got $80.00 for his stock. It will be seen from this statement of the principal issues of fact between the parties that if Weaver told the truth Cone deliberately made a false representation to him in regard to the price he obtained for his stock, and that if Weaver was induced by this representation to part with his stock for less than he would otherwise have received for it, Cone ought to compensate him for the loss. If, on the other hand, Cone's was the truthful and Weaver's the false version of the interview between them the latter has no cause of action against the former. The verdict shows that the jury accepted Weaver's version of the interview as the true one and it remains for us to inquire whether there was error in the instructions or rulings upon offers of evidence which contributed to the result.

The first, second, third and fifth specifications of error relate to the instructions and the fourth to the rulings upon an objection to a question addressed to the plaintiff by his counsel. It is contended by the learned counsel for the appellant " that the charge of the court was not as fair a presentation of the defendant's case as of the plaintiff's " and this contention is based on the excerpts from the charge which appear in the first, second and third specifications. It is conceded that Cone desired Edwards

to notify the minority stockholders, including the plaintiff, that he had sold his stock, and Edwards did not deny that he told the Weavers that Cone requested him to notify them. We think therefore that there was not such misstatement in the excerpt which is the subject of the first specification as calls for a reversal of the judgment or for adverse criticism. The learned judge of the court below fairly presented in the charge the plaintiff's claim in regard to the alleged false representation and the defendant's denial of it, and because he did so there is no merit in the second specification. The learned counsel for the appellant requested the court to instruct the jury that if they found for the plaintiff they could not assess damages for a greater sum than the difference between the price he obtained for his stock and the actual value of it, and they were instructed accordingly. In view of this request and the answer to it, and of the undisputed testimony that at or about the time of the plaintiff's sale the stock was sold at from $90.00 to $120 a share we see no valid ground for complaining of the instruction which is included in the third specification.

The plaintiff on his examination in chief and after he had stated that he sold his stock for $80.00, was asked the following question: " What was it that induced you to sell your stock at that figure?" The question was objected to, the objection was overruled and an exception was taken by the defendant. The ruling is complained of in the fourth specification. The precise question thus raised was decided at this term in Commonwealth of Pa., in trust etc., v. Julius et al., 173 Pa. 322. The decision was adverse to the appellant's contention in this case. It is not necessary to repeat here what was there said distinguishing cases like this from the cases cited by the appellant to sustain his claim that the court erred in admitting the question.

We think the case was well tried in the court below and that the verdict was fairly responsive to the evidence in it.

Judgment affirmed.