Assignment of Error—Opinion of the Court.    [86 Pa. Superior Ct.

The following stipulation of counsel was filed:

"It is agreed between counsel for the plaintiff and defendant that the above and foregoing Decree and Assessment of Damages are in accordance with the opinion of the Superior Court filed in the above entitled case."

*Error assigned* was the decree of the court.

*Bertram K. Wolf,* and with him *Aarons, Weinstein & Goldman,* for appellant.

*Joseph A. Allen,* for appellee.

PER CURIAM, November 20, 1925:

This is the second appeal in this proceeding. The opinion of this court in the former appeal, reported at 85 Pa. Superior Ct. 336, disposes of the questions presented by this appeal. The record having been remitted to the court below, the parties to the proceeding agreed upon the amount which the defendant would be required to pay, in accordance with the directions contained in the opinion filed by this court, and that a final decree be entered for that amount, but the defendant did not consent to be bound by said final decree, reserving the right to appeal therefrom. For the reasons stated in our former opinion the assignments of error are overruled.

The decree is affirmed.

---

## Commonwealth *v.* Mann, Appellant.

*Criminal law—False pretense—Evidence—Statement that prosecutor relied upon false representations—Admissibility.*

In the trial of an indictment for false pretense, it is not error to permit the prosecutor to be asked if he had parted with his money relying upon the fact constituting the alleged false pretense.

Where the false pretense alleged was in misrepresenting the age

of an automobile, it was not error to permit the prosecutor to say whether he would have purchased the car if he had known that it was a different model from that represented.

Unless the Commonwealth shows that the witness was induced to part with his money by a belief that the false pretense was true, it has not proved the charge in the indictment.

The intent, or belief, or what induced the prosecutor to part with his money was a relevant fact concerning which it was proper to ask him to testify directly; the answer was, of course, not conclusive, and its value, like that of other evidence, was for the jury.

Argued October 6, 1925. Appeal No. 206 October T., 1925, by defendant from judgment and sentence of Q. S. Philadelphia County, March T., 1925, No. 204, in the case of Commonwealth of Pennsylvania v. Morris Mann. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for false pretense. Before HENNINGER, P. J., 50th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, as quoted in the opinion of the Superior Court.

*Maurice G. Weinberg,* for appellant.

*Warren C. Graham,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY LINN, J., November 13, 1925:

Appellant was convicted of obtaining money by a false pretense in a transaction involving the transfer of an automobile, having asserted that the car was a 1923 model, when in fact it was of the year 1920. The verdict establishes that the representation that the car was manufactured in 1923 was false. The first two

assignments of error complain of the refusal to sustain objections to questions asked of the prosecuting witness, designed to elicit statements made to him by defendant about the automobile during the transaction. What the defendant stated as part of the transaction was relevant.

The third assignment contains the principal complaint. In direct examination, in response to the question, "Would you have bought this car had you known it was a 1920 model?", the prosecutor replied, "Decidedly not." No objection was made to the question, but immediately after it was answered, defendant moved to strike out the answer and excepted to the refusal of the court to grant the motion. In support of the assignment, appellant quotes from Com. v. Daniels, 2 Parsons 332, a case decided in the Quarter Sessions of Philadelphia in 1847. Judge PARSONS held that to permit the prosecuting witness to answer whether it was upon the representations which he stated had been made to him by the prisoner, that he parted with his property, would result in submitting to the jury a mere expression of the opinion of the witness; that "the jury ought to decide from the facts alone without having their judgments warped by the vendor of the goods." The law is otherwise. In Com. v. Boyer, 2 D. R. 843, Judge McPHERSON declined to follow Com. v. Daniels and permitted the prosecuting witness to be asked whether he parted with his property on defendant's representations and whether he gave credit upon that ground alone. Speaking of an affirmative answer to such question, Judge McPHERSON said: "That is not an opinion, but is direct and positive evidence to a fact, equivalent to the testimony of an eye witness when the occurrence of a visible act is in controversy. Moreover, it is the best evidence of which the subject is capable, and therefore it ought to be heard. No one but the witness could know with the same certainty what went on in his own mind, and it is not rational

to shut up this source of knowledge........" Wigmore amplifies the same view with extended references to supporting precedents, Evidence, vol. 1, sec. 581. Appellant, however, contends that the intent, motive, or belief of the prosecuting witness, or, what induced him to part with his money for the property, may not be stated by him in direct examination. Unless the Commonwealth show that the witness was induced to part with his money by a belief that the false representation was true, it has not proved the charge in the indictment. The intent, or belief, or what induced the prosecutor to part with his money, was therefore a relevant fact concerning which it was proper to ask him to testify directly; the answer was of course not conclusive; its value, like that of other evidence, was for the jury. The assignment is dismissed: Com. to use, v: Julius, 173 Pa. 322, 329, &c; Weaver v. Cone, 174 Pa. 104, 110; Sulkin v. Gilbert, 218 Pa. 255, 260; Wigmore on Evidence (supra); note to Jarrell v. Young et al., 23 L. R. A. (N. S.) 367, &c; State v. Hetrick, 34 L. R. A. (N. S.) 642.

The fourth assignment is to the refusal to strike out part of an answer to a question to which no objection had been made. The part in dispute was not relevant, but, in the circumstances disclosed in the record, we all agree that defendant was not prejudiced by what is complained of.

The fifth assignment is to the admission in evidence of the contents of that part of the document considered pertinent, so that the evidence was already in the case when the document was offered.

From what has been said, it is obvious that the motion for a new trial was properly refused. The last assignment—to the refusal of a number of points for charge—is dismissed as not conforming to our rules, though we see no ground for sustaining it on the merits.

The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he

may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.