## Comegys *v.* Davidson, Appellant.

*Vendor and vendee—Deficiency in quantity of land.*

Where a title has been conveyed and accepted and a bond given for the purchase money or a part of it, the general rule is that there can be no abatement of the purchase money except in case of mistake, imposition or fraud.   But if the deficiency in the property conveyed is so serious that it may be regarded as evidence of imposition or fraud, the rule is to allow such a reduction of the purchase money as will compensate the purchaser for the value of the land lost.

*Affidavit of defence—Mortgage—Deficiency of land.*

An affidavit of defence to a scire facias upon a mortgage given for the purchase money of land, after the deed for the land had been accepted, is sufficient, which alleges that the deed purported to convey a city lot of the designated width of forty feet, and that in actual fact the width of the lot conveyed was but thirty-seven feet and four inches, and that the remaining two feet and eight inches of the lot were in possession and built upon by another grantee of the same grantor.

In such a case the defendant cannot defalk from the total amount of the purchase money of the whole lot, thirty-five hundred dollars, the sum of fifteen hundred dollars on account of the deficiency, but he is entitled to some allowance.

Not decided whether in such case defendant is entitled to a deduction for the proportionate value of the two feet and eight inches which he did not get, to the forty feet for which he agreed to pay, and for which the deed was made, or whether he is entitled to more than such proportionate value.

Argued Feb. 20, 1893.    Appeal, No. 365, Jan. T., 1892, by defendant, George B. Davidson, from order of C. P. Lackawanna Co., June T., 1891, No. 609, making absolute rule for judgment for want of sufficient affidavit of defence in action by Benj. B. Comegys et al., Trustee of Henry Beckett's Estate.    Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of a sufficient affidavit of defence in scire facias sur mortgage for purchase money.

The affidavit of defence averred inter alia:

" 3. This lot conveyed to me was the last lot in said block owned and conveyed by the said executors and trustees of Henry Beckett, deceased.

" 4. The lot adjoining mine on the northeast (lot No. 7) was conveyed by said executors and trustees to J. B. Munson on 15th of October, 1884, forty feet in width, and a house was erected on the same prior to the conveyance of lot No. 6 to me. The lot adjoining me on the southwest (lot No. 5) was conveyed by said executors and trustees to Daniel Dreher, on the 18th of January, 1888, also forty feet in width.

" 5. At the time I bought of said executors and trustees lot No. 6, block 105, I did not measure the same, and when I gave the mortgage now in suit I supposed the lot was of the width of forty feet as my deed called for, but I now find that the said lot No. 6, or part thereof, was only thirty-seven feet and four inches wide, as unoccupied by adjoining owners or possessors.

" 6. Had I known that said lot was only thirty-seven feet and four inches wide when I bought it, I would not have agreed to pay the sum of $3,500 for said lot, and would not have given the plaintiffs this mortgage for the purchase money for the sum of $2,700, after making the down payment of $800.

" 7. The persons owning the properties adjoining my lot, viz.: J. B. Munson on the northeast and A. R. Raub, successor in the title of Daniel Dreher aforesaid on the southwest, have, in their actual possession, under their claim of title from said executors and trustees of Henry Beckett estate, the plaintiffs herein, the land purporting to be conveyed to me by my said deed, excepting said portion of said lot, No. 6, block 105, to wit : thirty-seven feet four inches in width.

" 8. The possession of said J. B. Munson and A. R. Baub, or either, of a portion of said lot, No. 6, Block 105, is without my consent, concurrence, or permission.

" 9. The lots formerly of said Henry Beckett estate in said block No. 105, and conveyed by the executors and trustees of said estate, were laid out and plotted of the width of forty feet each, and I saw said plot when I purchased and bought, in reference to said plot, a lot marked as forty feet in width.

" 10. Through the fault or neglect of the plaintiffs in this case, or their agents, the purchasers of the lots adjoining the one conveyed to me (lot No. 6, block 105) have been permitted to gain title or possession of a portion of the lot conveyed to me, prior to my purchase, to wit: of the portion two feet eight inches wide, of the whole depth of said lot.

" 11. A full lot of forty feet in width on said Jefferson avenue in block No. 105 is now worth the sum of $5,000, and the loss of two feet eight inches from the lot decreases the value of the remaining portion much more than the proportionate deficiency of land, for the reason, among others, that forty feet in width is just sufficient to allow the erection of a double house of ordinary size and permit of a footwalk on each side of the house to give access to the rear of the lot.    The loss of such footwalks, or the decrease in size of a building, amounts to the sum of $1,500.    And the failure of the plaintiffs, in this case, to give me a lot forty feet wide has caused me a damage of at least said sum of $1,500, which should be allowed me in reduction of said mortgage now in suit.

" 12. I have offered to pay plaintiffs the full amount of the mortgage and interest, if they would give me the full quantity of land. They had a surveyor measure the lot and the surveyor found the shortage to exist as aforesaid ; then the plaintiffs offered me to compromise the difference on a pro rata shortage and make a reduction of a trifle over $100 on the mortgage, which offer I declined, as it was so disproportionate to the actual loss.

" 13. The whole block No. 105 contains a surplus of front feet over the quantity necessary to furnish each lot with its true amount of forty feet, and it is the fault of the plaintiffs, or their agents, that there was not left forty feet to fill out my quota when they conveyed lot No. 6 to me.

" 14. I am ready and anxious to pay the plaintiffs the amount due on this mortgage as soon as they give me undisputed possession of the quantity of land they undertook to convey to me by their deed."

In answer to exceptions to the sufficiency of the affidavit of defence, defendant filed a supplemental affidavit alleging warranty of title and breach thereof.

Rule absolute. Defendant appealed.

*Error assigned* was in making rule absolute.

*A. D. Dean,* for appellant, cited: Steinhauer v. Witman, 1 S. & R. 438; Christy v. Reynolds, 16 S. & R. 258; Peck v. Jones, 70 Pa. 84; Hart v. Porter, 5 S. & R. 201; Shattuck v. Lamb, 65 N. Y. 499; Noonan v. Lee, 2 Black, U. S. 507; Rickert v. Snyder, 9 Wend., N. Y. 422; Tod v. Gallagher, 16 S. & R. 261; Roland v. Miller, 3 W. & S. 390; Wolbert v. Lucus, 10 Pa. 73.

*A. T. Freedley, W. W. Lathrope* with him, for appellees, cited: Rodgers v. Olshoffsky, 110 Pa. 147; Farmers & Mechanics Bank v. Galbraith, 10 Pa. 490; Coughenour's Adm'rs v. Stauft, 77 Pa. 191; Cronister v. Cronister, 1 W. & S. 442; Dickinson v. Voorhees, 7 W. & S. 353; Smith v. Evans, 6 Bin. 102; Rawle, Covenants for Title, § 164; Tyson v. Eyrick, 141 Pa. 296.

OPINION BY MR. JUSTICE GREEN, May 8, 1893:

This case arises upon the sufficiency of affidavits of defence. The action is a scire facias upon a mortgage given for the purchase money of land after a deed for the land had been accepted. The affidavits allege that the deed purported to convey a city lot in the city of Scranton, of the designated width of forty feet, and that in actual fact the width of the lot conveyed was but thirty-seven feet and four inches, and that the remaining two feet and eight inches of the lot were in the possession of another grantee of the same grantors, who took title thereto by a paramount deed, and was so built upon by the said prior grantees that the plaintiffs, the grantors, could not deliver to this defendant the strip of two feet and eight inches. The defendant claimed to defalk from the total amount of the purchase money of the whole lot ($3,500), the sum of fifteen hundred dollars on account of this deficiency in the size of the lot. While we have no hesitation in saying that he cannot sustain a claim to defalk such a sum as that, or anywhere near that amount, we are not prepared to say that he cannot have an abatement of some amount for the defect in the title. The circumstances in which claims of this kind may be judicially considered and decided are so various, and depend so much upon the actual facts as they may be developed on the trial, that no just disposition can be made of the questions arising without a knowledge of all the facts which may fairly affect them. There is an acknowledged, and often asserted, right in a purchaser to have allowance for a defect in his title. If the contract is executory and the question arises in a suit to recover the purchase money, there is no doubt of the right. If as in this case the title has been conveyed and accepted and a bond given for the purchase money, or a part of it, the general rule is that there can be no abatement of the purchase money except in case of mistake, imposition or fraud. But if the deficiency in the property conveyed is so serious as that it may be regarded as evidence of imposition or fraud, the rule is to allow such a reduction of the purchase money as will compensate the purchaser for the value of the land lost. In the recent case of Tyson v. Eyrick, 141 Pa. 296, the circumstances of which were somewhat similar to those of this case, we allowed a defence to the extent of the value of the strip of one foot in

width, to which title could not be given.   In Rodgers v. Ol-
shoffsky, 110 Pa. 147, we did not allow the defence for the de-
ficiency, which was one $\frac{7}{100}$ feet, on a line of twenty feet, but
there were special reasons for our ruling, which do not exist in
the present case.   We will not discuss or assume to decide the
merits of the present case.   They can only be determined when
all the facts are known.   But we are of opinion that the af-
fidavits of defence disclose facts enough to carry the case to a
jury.

As it seems to us now, the defendant appears to be entitled
to a deduction for the proportionate value of the two feet and
eight inches which he did not get, to the forty feet for which
he agreed to pay, and for which the deed was made.   But we
do not decide even that conclusively, nor do we decide whether
he may recover more than that proportion.   We reverse the
judgment of the court below to enable the defendant to lay his
facts before a jury and have a judgment of the law upon them
when they are all known.

Judgment reversed and procedendo awarded.