# Commonwealth, to use of George, Appellant, v. McPhilips.

*Practice, C. P.—Assumpsit—Statements of claim—Affidavits of defense—Rule for judgment for want of a sufficient affidavit of defense—Discharge.*

Where in an action on a sheriff's interpleader bond, it appeared from the statement of claim and affidavit of defense that the construction of several provisions of the interpleader acts was involved, but where the facts were not stated therein with clearness, directness or completeness so that the rights of the parties could be satisfactorily determined, the court made no error in discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense.

Argued Feb. 7, 1916. Appeal, No. 206, Jan. T., 1915, by plaintiff, from order of C. P. Chester Co., Jan. T., 1915, No. 27, discharging rule for judgment for part of plaintiff's claim, in case of Commonwealth of Pennsyl-

vania, to use of Mary C. George, v. John McPhilips and D. Walter Rickabaugh. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was in discharging the rule.

*S. Duffield Mitchell,* for appellant.

*C. Wesley Talbot,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, March 13, 1916:
This is a rule for judgment for "that part of the plaintiff's claim which represents the difference between the amount of the plaintiff's claim as set forth in her statement and the amount of the alleged set-off appearing in the affidavit of defense." The rule was discharged, and the plaintiff has appealed.

The action was assumpsit on a sheriff's interpleader bond, brought by the Commonwealth to the use of Mary C. George against McPhilips, the principal, and Rickabaugh, the surety. By virtue of an execution issued by one Jacobs, the sheriff levied upon the personal property of Mary C. George, the execution-defendant. The property was claimed by McPhilips who gave the bond in suit and retained it. The appraisers appointed by the sheriff valued the property at $1,120.00. A feigned issue was formed to determine the ownership of the property in which McPhilips, the claimant was plaintiff, and Jacobs, the execution-plaintiff, was the defendant. The trial resulted in a verdict for the defendant, and thereupon McPhilips paid to Jacobs $396.46 in satisfaction of the debt and interest of his execution.

The plaintiff's statement averred the above facts and

COM., to use of GEORGE, Appellant, *v.* McPHILIPS. 613

1916.]                    Opinion of the Court.

that the trial resulted in a finding by the jury that the title to the personal property was in the use-plaintiff, and then set out the items of personal property levied upon by the sheriff, alleging its total value to be $2,-401.75. The amount claimed in the present suit is this sum less the payment to McPhilips.

The defendant's affidavit set up a defense to the whole claim. The set-off averred is $1,310.52 which, as has been noted, was not included in the rule for judgment. The affidavit avers that in the feigned issue the jury found "for the defendant for the goods levied upon, the value of which they find to be $1,120.00." It was also averred "that the said Mary C. George is entitled to the valuation of the goods and chattels levied upon, as found by the jury in the interpleader case of McPhilips against Jacobs, $1,120.00, and claimed a certificate for a balance due defendants of $190.52."

In determining the rights and liabilities of the parties to this issue, it is necessary to construe several provisions of the interpleader acts which cannot be satisfactorily done in the present condition of the record on a rule for judgment for want of a sufficient affidavit of defense. The statement and affidavit of defense were drawn with slight regard to the well established practice in such cases, and they do not present the facts with sufficient clearness, directness, or completeness to warrant a summary judgment. The statement avers that an issue was tried to determine the title to the property in which the claimant was the plaintiff and the execution-plaintiff was the defendant, and that the jury found that the title "was in the use-plaintiff herein and not in said McPhilips (claimant), whereupon said McPhilips paid to said Jacobs, of the value of said personalty, the sum of $396.46 in satisfaction of his execution debt and interest." This averment is met by a direct and positive averment in the affidavit of defense, apparently quoting from the record in the interpleader proceeding, which is the best evidence of the fact, that the jury in that pro-

ceeding rendered the following verdict: "The jury say they do find for the defendant for the goods levied upon, the value of which they find to be $1,120.00." In disposing of this appeal, we must assume this averment to be true, and therefore, the title to the whole personal property was found to be in the execution-plaintiff who was the defendant in that proceeding, and not in the use-plaintiff in this case who was not a party to the proceeding. The fact that the claimant subsequently paid the defendant a part of the value of the personalty does not show that the balance of the fund or the property which produced it belonged to the use-plaintiff at the rendition of the verdict: Seeley v. Garey, 109 Pa. 301, 310. We do not hold that the verdict could not, under the evidence in the interpleader proceeding, have found that the title to the property in excess of the execution-plaintiff's claim was in the use-plaintiff, or that subsequently the verdict could not have been so molded, but we must deal with the record in that proceeding as averred in the pleadings in this case. Again, the court discharged the rule for judgment on the ground that the execution-defendant was concluded by the valuation placed on the property by the jury in the interpleader proceedings although she did not intervene, and while it does appear by the statement that she was not a defendant in that proceeding, it does not appear by the statement or affidavit of defense whether the court in framing the feigned issue directed notice to be given to her and the other interested parties as required by the statute, or that notice was served on said parties, including the execution-defendant.

We will refrain from a further discussion of the case at this time so that the learned court below will be left free to deal with the several questions which will necessarily arise when the facts have been fully developed on the trial of the cause. We express no opinion on the reason assigned by the court below for discharging the rule for judgment, nor upon the merits of the case, but affirm the judgment, in the language of Mr. Justice GREEN in

Comegys v. Davidson, 154 Pa. 534, 539, "to enable the defendant to lay his facts before a jury and have a judgment of the law upon them when they are all known."

Judgment affirmed.