# Federal Sales Co. of Philadelphia, Appellant, *v.* Farrell.

*Practice, C. P.—Affidavit of defense—Waiver—Set-off—Reply —Admissions—Appeals—Act of May 14, 1915, P. L. 483.*

1. The right to enter a rule for judgment for want of a sufficient affidavit of defense, will not be held to be waived because of plaintiff's having further proceeded in the cause in compliance with the requirements of an act of assembly or rule of court.

2. Plaintiff may enter a rule for judgment for want of a sufficient affidavit of defense even though he has filed a reply to defendant's claim of set-off.

3. Under Sections 6 and 16 of the Act of May 14, 1915, P. L. 483, the undisputed facts appearing by the pleadings are admitted for all the purposes of the case, with the same effect as if they were embodied in the statement of claim itself.

4. Hence, on a rule for judgment for want of a sufficient affidavit of defense the admissions of plaintiff's reply will be considered.

5. It is only in clear cases that this court will reverse the court below on appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense.

*Contracts—Written contract—Omission—Evidence—Fraud, etc. —Pleadings and proofs—Agency—Authority—Warranties.*

6. A written contract presumably expresses the full and exact agreement of the parties in regard thereto, and hence ordinarily great strictness of pleading and proof are required where it is admitted to modify or reform the writing.

7. But where admittedly the writing does not fully express the agreement of the parties in regard to the matter under consideration, the same strictness of pleading and proof are not required.

8. It is not necessary to aver or prove that something was omitted from a written instrument by fraud, accident or mistake, where the only claim is that it is attempted to be used in violation of an express agreement made to induce the party to sign it.

9. A party cannot enforce a contract induced by warranties, and deny the authority of his agent to make them.

Argued Feb. 19, 1919. Appeal, No. 223, Jan. T., 1919, by plaintiff, from order of C. P. No. 3, Philadelphia Co., June T., 1918, No. 3153, discharging rule for judgment for want of a sufficient affidavit of defense in case of Federal Sales Company of Philadelphia v. George H. Farrell. Before STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in discharging the rule for judgment.

*Harold Evans,* of *MacCoy, Evans, Hutchinson & Lewis,* for appellant.—In an action arising under a written contract containing an express stipulation that there is

no warranty, guaranty or representation as to the goods other than those contained therein the defendant cannot set up a warranty not contained in the contract: Express Pub. Co. v. Aldine Press, 126 Pa. 347; Scientific American Compiling Department v. Creighton, 32 Pa. Superior Ct. 140; Ridgeway Dynamo & Engine Co. v. Penna. Cement Co., 221 Pa. 160; S. Morgan Smith Co. v. Monroe County Water Power & Supply Co., 221 Pa. 165; General Motors Truck Co. v. Philadelphia Paving Co., 248 Pa. 499; Folsom Real Est. Co. v. Esmark, 38 Pa. Superior Ct. 580.

The affidavit of defense is insufficient because it is vague and indefinite and does not definitely and particularly set forth a contemporaneous oral guaranty nor aver any authority on the part of the agents of the plaintiff who made it: Gould v. Gage, 118 Pa. 559; Lowry v. Roy, 238 Pa. 9; Baugh v. White, 161 Pa. 632; General Electric Co. v. Camden Iron Works, 239 Pa. 411; Folsom Real Estate Co. v. Esmark, 38 Pa. Superior Ct. 580; Order of Unity v. McCann, 57 Pa. Superior Ct. 61; Villar v. Coupe, 62 Pa. Superior Ct. 422.

*James R. Wilson,* for appellee.—The manufacturer's warranty inserted in the original proposal was omitted from the final lease agreement by mistake: Lee Holland & Co. v. Taylor, 154 Pa. 95; Knerr v. Bradley, 105 Pa. 190; Potter v. Grimm, 248 Pa. 440.

The affidavit sufficiently sets forth a contemporaneous oral agreement: Greenawalt v. Kohne, 85 Pa. 369; Croyle v. Cambria L. & I. Co., 233 Pa. 310; Renshaw v. Gans, 7 Pa. 117; Colt v. Diffenbach, 60 Pa. Superior Ct. 192.

OPINION BY MR. JUSTICE SIMPSON, March 10, 1919:

Plaintiff brought suit upon a promissory note for $1,597; defendant filed an affidavit of defense and claim of set-off growing out of the transaction in which the note was given; plaintiff filed a reply to the claim of set-off,

and nearly a month later entered a rule for judgment for want of a sufficient affidavit of defense. The court below discharged the rule, whereupon plaintiff excepted and took this appeal.

It was suggested on the argument that plaintiff's reply operated as a waiver of its right to judgment for want of a sufficient affidavit of defense. It is true we have always implied a waiver from any voluntary action of plaintiff looking to putting a case at issue; but in order to have that effect the action must be voluntary. Perhaps the first case dealing with the general subject is Gregg v. Meeker, 4 Binney 428, and the latest Bordentown Banking Company v. Restein, 214 Pa. 30. The former arose under the affidavit of defense agreement of the lawyers of Philadelphia County (3 W. N. C. 567), and the latter, and all the intermediate cases, under the acts of assembly relating to affidavits of defense. In Superior National Bank v. Stadelman, 153 Pa. 634, 638, we said: "This long established practice it is not desirable, nor is it intended, to disturb." In Horner v. Horner, 145 Pa. 258, however, we held no waiver could be implied if plaintiff's action was compulsory, made so in that case by a rule of court. By Section 15 of the Practice Act of May 14, 1915, P. L. 483, it is provided: "When the defendant in his affidavit of defense sets up a set-off or counterclaim against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defense upon him, shall file an answer under oath, which shall be called 'Plaintiff's Reply.'" If none be filed, then under Section 16 plaintiff is debarred from thereafter disputing the averments of the affidavit of defense and set-off. This brings the case within the principle of Horner v. Horner, supra, and no waiver arises, especially as by Section 17 no time is prescribed within which a rule for judgment must be taken.

It was suggested on the other side that admissions in plaintiff's reply could not be considered on the rule for judgment. This also is a mistake. It would be strange

if a party could obtain summary judgment notwithstanding his admissions of record, if upon a trial those admissions would prevent or limit the recovery. The well-settled rule that judgment can be entered for want of a sufficient affidavit of defense only in clear cases, also defeats the contention; for antagonistic admissions of record may make the case anything but clear. It is no answer to say, a rule for judgment is in effect a special demurrer, for final judgment thereon would not be given in favor of demurrant if he had solemnly admitted of record facts which showed he was not entitled thereto. Under Sections 6 and 16 of the Act of 1915, the undisputed facts appearing by the pleadings, are admitted for all the purposes of the case, and hence the admissions of the reply must be considered with the same effect as if they were embodied in the statement of claim itself.

On an appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense, we never reverse unless the right to judgment is clear: Griffith v. Sitgreaves, 81 Pa. 378; Hassam Paving Co. v. Stipp, 249 Pa. 94, 97. In the first case we said: "Such writs should be confined to plain errors of law. In doubtful cases and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury as the proper tribunal to decide the cause under proper instructions from the court"; and in Ætna Insurance Company v. Confer, 158 Pa. 598, 604: "It must be a very plain case of error in law, if we sustain appeals in such cases as this, from the decree of the common pleas discharging the rule."

It is true a party who sets up a contemporaneous parol agreement, varying the terms of a written instrument sued or defended upon, has a heavy burden to carry, and must aver any alleged omission was the result of fraud, accident or mistake; but it is equally true no such requirement exists where the attempt is to use the writing in violation of a collateral promise whereby the party's signatur. was obtained to the instrument: Gandy v.

Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244. So, too, if admittedly the written instrument does not contain the whole of the contract between the parties, in regard to the matter under consideration, the same strict requirements are not applied. Thus we held in Real Estate Title Insurance & Trust Company's App., 125 Pa. 549, a written instrument may be reformed on the unsupported testimony of one witness, if there is no countervailing evidence; and in Morrish v. Morrish, 262 Pa. 192, 198, a plaintiff may prove a trust arising out of a conveyance by a deed absolute on its face, if defendant admits there was a trust of some character. The reason for the rule is that a written instrument is presumed to contain the full and exact agreement of the parties thereto, but, when admittedly it does not, cessante ratione legis cessat ipsa lex.

In the light of the foregoing principles, we cannot say plaintiff's right to recover is clear, and hence the rule for judgment was properly discharged. The promissory note sued on was given admittedly in the course of a transaction resulting in the leasing of four automobile trucks by four written agreements. The total amount of rent to be paid is exactly the value of the trucks, as stated in the agreements, yet nothing is said therein as to what is to become of the trucks after all the rent is paid. Defendant says the trucks were then to become his property, and the clause in regard thereto was omitted from the agreements by mistake. Plaintiff does not deny this. Defendant says he was induced to enter into the agreements by certain oral warranties made by "plaintiff's agents Biddle and Michel," which also were omitted by mistake. Plaintiff does not deny the agency, but avers only that neither "its agents, Biddle and Michel, or any other of its agents" made any other warranties "than those contained in the said leases." The leases, however, contained no warranties; yet "plaintiff admits that, partly in fulfillment of its guarantee and warranty," it repaired defects in said trucks many

times, defendant says fifty-one and plaintiff does not specifically deny the number. The difference between the parties on the question of warranties, therefore, is that defendant avers those set forth in the affidavit of defense, and plaintiff claims, and its counsel frankly admits, its liability under what is known as a "manufacturer's warranty," although it is not set forth in the written agreements. Plaintiff also denies that its agents, Biddle and Michel, had any authority to make any other warranty, and calls attention to the fact that the affidavit of defense does not aver such authority; but, if the contract was induced by those warranties, as we must assume to be true on a rule for judgment for want of a sufficient affidavit of defense, it is a matter of indifference whether or not the agents had such authority, for plaintiff cannot enforce the contract induced by the warranties, and deny the right to make them: Singer Manufacturing Co. v. Christian, 211 Pa. 534. Defendant avers breaches of even the "manufacturer's warranty," which plaintiff denies; and the former says "the difference between the price paid for the machines and the value of the machines at the time of delivery" was $2,500; and further that he lost $2,000, in not having the use of the trucks while they were being repaired, because of defects of construction. We need only add, as was said in Comegys v. Davidson, 154 Pa. 534, quoted and approved in Lengert v. Chaninel, 205 Pa. 280: "We will not discuss or presume to decide the merits of the present case. That can only be determined when all the facts are known."

The order of the court below is affirmed.