## O'Bara *v.* Bielecka, Appellant.

*Contract—Writing—Agreement not fully stated.*

1. Where it is conceded that a writing does not properly or fully state the agreement between the parties upon any given point, this particular phase of the matter is at large, and the written provision in regard to it will not of itself be controlling.

*Appeals—Harmless error.*

2. Harmless error furnishes no ground for reversal.

Argued January 9, 1924. Appeal, No. 28, Jan. T., 1924, by defendant, from decree of C. P. No. 2, Phila. Co., Sept. T., 1922, No. 5166, for plaintiff, on bill in equity, in case of Michal O'Bara v. Aleksandra Bielecka. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance of agreement to sell real estate. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, admission of evidence, referred to in opinion of Supreme Court, quoting ruling and evidence.

*John M. Thissell,* with him *Clinton A. Sowers,* for appellant, cited: Doughty v. Cooney, 266 Pa. 337; McKuen v. Serody, 269 Pa. 284.

*Joseph Blank,* for appellee, cited: Eichenhofer v. Phila., 248 Pa. 373.

OPINION BY MR. JUSTICE SIMPSON, February 4, 1924:

Defendant appeals from a final decree directing specific performance of a written contract for the sale of real estate.

The bill avers that defendant agreed to sell and plaintiff to purchase the property described, settlement to be made "within sixty days from the date hereof [August 18, 1922], said time to be of the essence of this agreement, unless extended by mutual consent in writing endorsed thereon"; that, on September 28, 1922, plaintiff notified defendant that settlement would be made on October 18, 1922, to which she agreed in writing, but failed to appear at the time fixed, and subsequently refused to consummate the sale.

The answer admitted execution of the contract; alleged, however, that the parties had not agreed settlement should be made within sixty days, but, on the contrary, their agreement was that it should be made "on or before May 1, 1923,......when I [defendant] was ready before that time"; averred that defendant had not agreed to October 18, 1922, as the time for settlement, but did not deny the receipt of the letter fixing that date, nor state that she objected thereto, or had informed plaintiff she would not then be present for the purpose stated; nor did she set up as a defense that plaintiff could not maintain his bill, because settlement had not been made or tendered within the sixty days.

The case was tried December 9, 1922, and defendant, though producing two letters sent to her by plaintiff, one of which enclosed the deed for execution, and the other fixed the time for settlement, and not proving that she ever made objection to the date named, contended then, as she does now, that plaintiff cannot have specific performance, because October 18, 1922, was one day beyond the sixty-day period fixed by the contract; and, hence, as time was of the essence of the agreement, plaintiff was not entitled to a conveyance; that is, she avers it was agreed settlement might be made "on or before May 1, 1923," yet claims plaintiff was too late because he wanted to settle on October 18, 1922.

If authority is needed to show that this contention cannot be sustained, it will be found in Federal Sales Co. of Philadelphia v. Farrell, 264 Pa. 149, where we held that if it was conceded a writing did not properly or fully state the agreement between the parties upon any given point, that particular phase of the matter was at large, and the written provision in regard to it would not be controlling. It follows, that, as defendant admits the sixty-day limit was erroneously inserted in the agreement, the court was clearly correct in holding that plaintiff's right to specific performance was not lost by a tender of performance one day later.

In this view of the case, the admission in evidence of defendant's alleged letter, agreeing that settlement should be made on October 18, 1922, was at most harmless error, and requires no consideration.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.