Real Estate Land Title & Trust Co., Executor, Appellant, *v.* Fidelity Mutual Life Ins. Co.

Argued November 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Arthur S. Arnold,* for appellant.

*Ira Jewell Williams, Jr.,* of *Brown & Williams* and *Charles M. Willits* and *George H. Wilson,* for appellee, were not heard.

PER CURIAM, January 7, 1929:

These two appeals are from orders refusing judgment for want of sufficient affidavit of defense. Plaintiffs sued on life insurance policies; defendant insurance company filed affidavits of defense in which it raised certain questions of law depending upon an averment of fact to the effect that plaintiff's decedent, the insured, committed suicide. While, for the purpose of disposing of rules for judgment for want of sufficient affidavit of defense, plaintiffs were willing not to contest the point of the suicide, yet counsel for the trust company stated that the issue of self-destruction would be contested on the trial of the case; hence we have the situation that, if this issue should be decided at trial in favor of plaintiff, the point of law raised in the affidavits of defense would not be involved in the case. Under such circumstances, we will not pass upon the question of law until an opportunity is had fully to develop the facts in the court below: Brown v. Unger, 269 Pa. 471, 472. In cases "requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury......to decide the cause, under proper instructions from the court": Federal Sales Co. v. Farrell, 264 Pa. 149, 153.

The appeals are dismissed.