Newland, Admrx., Appellant, *v.* Lehigh Valley Railroad Company.

Argued January 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. P. Vallilee,* of *Schrier & Vallilee,* for appellent.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1934:

Charles Newland, whose administratrix is now the appellant, sued the defendant railroad for damages alleged to have been sustained by him, by reason of its negligence. At the end of plaintiff's case, defendant did not move for a nonsuit, but, when the evidence of both sides was closed, it presented a point for binding instructions in its favor. This point was refused, and plaintiff recovered a verdict; later the court in banc entered judgment for defendant non obstante veredicto, and therefrom plaintiff appeals.

The only basis for entering the judgment, was because plaintiff had executed a release declaring that he "does hereby release and forever discharge [defendant] and its successors or assigns of and from all claims, demands and causes of action I have against them or either of them and especially do I release and forever discharge [defendant] and its successors or assigns and all per-

sons and corporations which might be held liable for loss and damage sustained by me or that may hereafter result from personal injuries sustained by me and damage to property owned by me at or near Rummerfield, Pennsylvania, on or about the 30th day of December, 1926."

If this release stood alone it would be a conclusive answer to plaintiff's claim; in the absence of an allegation and proof of fraud, accident or mistake, which led to his signing it, plaintiff could not have overcome its apparently conclusive effect by his own testimony or by that of his witnesses. We have no intention of limiting anything we have heretofore said on this subject. Such papers are contractual, and are entitled to the same conclusive effect as are other written instruments. But, like other written instruments, their effect may be limited by the express or implied agreement of the parties to them. It would be curious indeed if the law should allow them to be extended, as is attempted in this case, to a point at which the party in whose favor they would otherwise operate, testified they were not intended to go.

After the accident, plaintiff made a claim for the loss of $37.50 worth of clothing belonging to him. In regard thereto defendant's claim adjuster called upon plaintiff. These two were the only ones present when an allowance was made regarding one of the items of the claim, which was then settled for $33.50 and the release given. As to what occurred at that time, defendant's claim adjuster testified, under cross-examination, as follows: "Q. Then what he was releasing there was his personal property? A. It was. Q. You had no understanding you were settling with him for personal injuries? A. No. Q. Mr. Taylor, you have testified that this release was for the personal property only of Mr. Newland, and that you were not taking any release for personal injuries? A. That is what I have testified to. Q. You are the one who drew up the release? A. I was. Q. Will you explain how this expression of personal

injuries happened to get in that release—whether by mistake or not? A. It was not by mistake; it is a standard clause we put in for employees' releases. Q. You had no understanding at that time in regard to personal injuries? A. No. Q. He was simply releasing fully for his personal property [loss] only, and nothing else? A. That is my understanding; Yes. Q. And that is the manner in which you took the release? A. Yes."

There is no qualification or contradiction of this testimony. Remembering that the claim adjuster was sent to settle plaintiff's claim for $37.50 for lost personal property, and that only; that, after negotiations, the claim was settled for $33.50; that this claim for $37.50 was all the plaintiff and the claim adjuster had been talking about, and, as shown by the latter's testimony, above quoted, the release was only intended (not by plaintiff alone but by defendant also, acting by its claim adjuster as its agent, and, being a corporation, it must necessarily act by agents), to cover the personal property loss, the jury might have properly so limited it as to comport with that intention. Yet defendant is claiming in this suit to use the release for a purpose for which it was not intended. It would not be justice to permit this, and the law is not so feeble as to be compelled to allow the injustice. A few of our cases will show this.

In Bryant v. Bryant, 295 Pa. 146, 153, we said: "It is undoubtedly true that where it is conceded or proven that a writing does not properly or fully state the agreement between the parties upon any given point, the written provision in regard thereto may be explained or supplemented, and the true state of facts established by parol evidence." So, in O'Bare v. Bielecka, 279 Pa. 307: When it is conceded by the party who undertakes to use a written instrument to defeat a claim (page 309) that the "writing does not properly or fully state the agreement between the parties upon any given point, this particular phase of the matter is at large, and the

written provision in regard to it will not be controlling." It has further been held that where the testimony of a single witness, to-wit, the person who drew the [written] contract, that it was verbally agreed by the parties that either one could terminate the contract at will, is sufficient, in the absence of testimony to the contrary, to establish that such verbal agreement was made: Appeal of Real Estate Title Ins. & Trust Co., 125 Pa. 549. We also so decided in Martin v. Fridenberg, 169 Pa. 447.

In Federal Sales Co. v. Farrell, 264 Pa. 149, 154, we said: "If admittedly the written instrument does not contain the whole of the contract between the parties, in regard to the matter under consideration, the same strict requirements are not applied......The reason for the rule is that a written instrument is presumed to contain the full and exact agreement of the parties thereto, but, when admittedly it does not, cessante ratione legis cessat ipsa lex." That decision is cited with approval in Kerr v. McClure, 266 Pa. 103, 105; Wright v. General Carbonic Co., 271 Pa. 332, 336; Ward v. Zeigler, 285 Pa. 557, 560. To the same effect is Garrison v. Salkind, 285 Pa. 265, 269, quoting and following Wigmore on Evidence, 2d edition, volume 5, section 2429.

It follows that the parol evidence rule is not conclusive in this case; but it is suggested that the claim adjuster had no authority to take any other form of release than the one actually taken, and hence it must be given full effect according to its terms. This contention might have to be considered if the plaintiff was seeking to use the release, for then he would be required to first prove the claim adjuster's authority to bind defendant. It is the defendant, however, who is seeking to use it, and hence plaintiff has no need to prove authority. Moreover the suggestion is attempted to be sustained only by the portion of the testimony, above quoted, wherein it is said "it is a standard clause we put in for employees' releases." The conclusion sought

to be derived therefrom is surely a nonsequitur, but even if we assume it to be accurate defendant is not helped. Defendant cannot take advantage of a release or other written agreement obtained by its agent except cum onere, that is, without affirming the agent's right to make the stipulations he did in order to obtain it: Mundorff v. Wickersham, 63 Pa. 87; Wheeler v. Aughey, 144 Pa. 398; Schultheis v. Sellers, 223 Pa. 513, 519; Jourdan v. Andrews, 258 Pa. 347; Harding v. Kuntz, 278 Pa. 232. This is, indeed, a rule of general application (21 R. C. L. 932, section 111; 2 C. J. 481, section 99 et seq.) based on principles of common honesty. To allow a principal to accept a benefit from the acts of his agent, without requiring him to concede to the other party all the rights arising in favor of the latter, in the course of the proceedings by which the agent obtained the writing, would be to enable him to commit a fraud.

It follows that the court below erred in entering judgment for defendant non obstante veredicto, and must be reversed for so doing; but, as the record now stands, we would not be justified in entering judgment on the verdict in favor of plaintiff. That tribunal expressly refused to let the jury pass upon the oral evidence of the agent, which we have quoted above. So, too, in refusing defendant's rule for a new trial, it did so because we had said in Chambers v. Mesta Machine Co., 251 Pa. 618 and Walters v. American Bridge Co., 234 Pa. 7, that in entering judgment n. o. v. it should, at the same time, dispose of any pending motion for a new trial. Of course, it could not effectively grant a new trial and enter judgment for defendant n. o. v. at the same time: March v. West Chester Traction Co., 285 Pa. 413, 416. It, therefore, formally dismissed defendant's rule for a new trial, but suggested that, if we reversed the judgment n. o. v., we might, if we deemed it proper, "reinstate the rule for a new trial......to the end that justice might be done."

The judgment of the court below is reversed, with leave to reinstate defendant's rule for a new trial which it had previously discharged.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER:

In his opinion on the motion for judgment n. o. v., the trial judge says: "This release executed under the conditions existing when it was executed, and worded as it is worded, was a complete and general release from liability for all personal injuries which the plaintiff had sustained at the time. A release cannot be set aside and made null and void except for some reason recogized by the law as sufficient for that purpose. Plaintiff makes no contention that he was defrauded, deceived, overreached, or that misrepresentations were made to him, or that he did not read the release, or that he did not have full and adequate knowledge of its contents and purport. Therefore, we think, under the many authorities, and particularly Ralston v. Philadelphia Rapid Transit Co., 267 Pa. 257, the rule for judgment n. o. v. should be made absolute. We have been unable to find any case where a release given for a consideration, even though small, and under seal, has been set aside, where the party executing such release admits that he executed it with full knowledge of its contents and effect, and without any misrepresentations, deception, fraud or wrongdoing on the part of the person with whom he was dealing."

For the reasons thus stated, I would affirm the judgment of the court below and, therefore, dissent from its reversal.