## Goedecke *v.* Mock et ux.

Argued April 27, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Coleman Harrison,* and with him *Harry A. Estep* and *William H. Colvin,* for appellant.

*W. C. McClure,* for appellee.

OPINION BY CUNNINGHAM, J., October 3, 1934:

This is a suit by a real estate broker against a husband and wife to recover commissions alleged to have been earned by effecting a purchase of certain real estate for them. Plaintiff obtained a verdict against both defendants, and motions for a new trial and for judgment n. o. v. were denied. The wife now appeals, claiming there was no evidence to show that *she* authorized plaintiff's employment, and that judgment n. o. v. should therefore be entered in her favor.

Plaintiff's case, which the jury accepted as true, is as follows: On April 20, 1929, George Mock, appellant's husband, accompanied by his step-daughter, consulted a member of the bar, Ellsworth C. Trott, Esq., and retained him to obtain by purchase a certain property desired for the re-location of a filling station. The owner of this property had refused to deal directly with Mock. The attorney informed his clients that he was not in the real estate business and knew nothing about it; that he was not acquainted with the owner of the property; and that he was therefore going to employ the plaintiff, who knew the owner and was a licensed real estate broker, to interest him in the proposition. Mock agreed to this arrangement. Plaintiff then delegated one of his employes to conduct the negotiations, and the latter was finally suc-

cessful in persuading the owner to make a written offer to sell the property for a sum which was acceptable. The sum of $250 was paid by Trott as hand money, and was repaid, in turn, by Mock. On July 15th, Mock and his wife met with the owner and his wife at the office of counsel, where the parties executed a formal agreement for the conveyance of the property for the sum of $25,000. In accordance with the terms of this agreement, appellant and her husband drew their joint check for $5,000 to cover a portion of the purchase price. Subsequently the deal was consummated and the property was conveyed to the two defendants for the agreed-upon consideration.

In defense, George Mock and his step-daughter testified that it was she who engaged Trott to obtain an option on the property; that Mock was not present at the interview; that nothing was said about employing plaintiff, but that it was contemplated that Trott was to conduct all the negotiations; and that nothing at all was known about plaintiff's claim or his connection with the purchase until sometime after the deal had been completed. Appellant did not take the stand.

We think the evidence was sufficient to hold appellant as a principal in the employment of plaintiff. We agree with her propositions that the marriage relation in and of itself does not make a husband the general agent of his wife, and also that plaintiff could not recover if as a mere volunteer he performed a service for appellant without her knowledge or consent. Neither of these propositions, however, fits the present situation. Plaintiff was not an intermeddler in the wife's affairs; nor did the husband attempt to bind his wife to a bargain of which she knew nothing. The main purpose of the transaction was to acquire the real estate. The employment of the plaintiff was merely subsidiary to that purpose. Appellant signed the agreement of sale, joined in paying for the prop-

erty, and finally accepted the deed. She must have known that her husband was engineering the purchase. If she did not specifically authorize his action at the outset, she later ratified it. As we read the record, appellant does not question such ratification; it follows that the ratification of the purchase, at least in the absence of any explanation, included any steps that were properly incident to the consummation of the deal. Cf. Newland Admrx. v. Lehigh Valley R. R. Co., 315 Pa. 193, 198, 173 A. 822, 824. Obviously, these might quite naturally and normally include the employment of a real estate broker. As appellant was in fact a principal to the transaction, the questions of agency discussed in her brief have no application.

Furthermore, the case was not defended upon the theory that appellant, so far as she herself was concerned, was an innocent party, who consented only to the employment of the attorney and who should not be bound by any other contracts of her husband of which she was not aware. She filed no separate affidavit of defense; she did not testify in her own behalf. Instead, up to the time of the verdict she was content to stand with her husband on the broad denial that neither of them had engaged plaintiff in any capacity, and that he in fact had not put through the purchase. These issues have been determined against both of them by the verdict of the jury. We may assume that their best defense was presented. Their first story has been rejected by the jury and we are not convinced that they are now entitled to substitute a new theory of the case.

A motion to quash was filed in this appeal, but, in view of our conclusion, it is not necessary to pass upon it.

Judgment affirmed.