## Whiterock Quarries v. Rozell

*Stark, Bissel & Reifsnyder*, for plaintiff.
*Bialkowski & Bialkowski*, for defendant.

LEWIS, J., May 19, 1939.—A rule was granted by the prothonotary to show cause why judgment should not be entered in the above case for want of sufficient affidavit of defense. Defendant now asks the court to discharge the said rule for the following reason, set forth in defendant's brief:

"1. To direct the prothonotary to enter the rule. There is no section in the Practice Act or any rule of

court in Lackawanna County to the knowledge of counsel for defendant to allow the prothonotary to enter rule to show cause why judgment should not be entered for want of sufficient affidavit of defense."

The point raised by counsel for defendant is important for the reason that it has been the practice by a great many practitioners at our bar to have the prothonotary enter rule for judgment for want of sufficient affidavit of defense. And if that practice is incorrect it is high time that the bar should be warned that such proceeding is contrary to the law.

We have given this point some study. Section 17 of the Practice Act of May 14, 1915, P. L. 483, provides as follows:

"In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense, or for any amount admitted or not denied to be due. The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the court shall enter judgment or discharge the rule, as justice may require. When the defendant sets up a set-off or counterclaim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply to the whole or any part of the set-off or counterclaim; and the court may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due, with leave to proceed for the balance."

There can be no question that the act specifically confers authority upon the prothonotary to enter judgment for want of an affidavit of defense, or judgment for the amount admitted due. In such instances he is not exercising judicial power but simply performing a clerical duty imposed upon him by the statute, for the reason that the amount claimed by plaintiff is plainly stated in the statement of claim and no judicial discretion or judgment is involved or is necessary for the determination thereof.

Hence, the prothonotary is not exercising judicial power but simply acts in a ministerial or clerical capacity.

However, in the present case the prothonotary entered a rule to show cause why judgment should not be entered for want of sufficient affidavit of defense. In our judgment, upon careful reading of the act of assembly, no such power lies in the prothonotary. The prothonotary does not have a general power to enter judgment. He can only do so when he acts for or by direction of the court or is authorized by statute or rule of court. We have examined the rules of court recently adopted and find no such authority vested in the prothonotary. In the examination of the different acts giving the prothonotary power to enter judgment, we find the first Act of February 24, 1806, 4 Sm. L. 270, 278, which authorized the prothonotary to enter judgment upon an instrument containing a confession of judgment. The Procedure Act of May 25, 1887, P. L. 271, did not enlarge the powers of the prothonotary in relation to the entry of judgment. While the Act of April 22, 1889, P. L. 41, simply authorized the courts to adopt rules authorizing the prothonotary to enter judgment for want of appearance, plea, or affidavit of defense, and, under our rules of court, judgment of non pros, section 17 of the Practice Act of 1915, supra, is the first to authorize the prothonotary in actions of assumpsit to enter judgment for want of an affidavit of defense or for any amount admitted or not denied to be due. If the prothonotary cannot enter a judgment in assumpsit without a statute authorizing such action, much less could he enter a judgment for want of a sufficient affidavit of defense, for the reason that the prothonotary undertook to determine questions of fact and law. If the prothonotary was acting as a mere volunteer without authority to enter rules for judgment all subsequent proceedings are void.

We have examined the case of Haverford Township School Dist., to use, v. Herzog et al., 314 Pa. 161. The

question at issue there was that a judgment was entered by the prothonotary against the plaintiff for the full amount on a counterclaim. The Supreme Court by Chief Justice Kephart, at page 163, states as follows:

"It should be noted that in section 17, supra, the prothonotary is authorized to enter judgment for want of an affidavit of defense, or for any amount admitted or not denied to be due, but obviously this can have no weight in determining the proper procedure for the entering of judgment when the want of an affidavit of defense is not involved, for the legislature goes on in that section to provide for the case 'when the defendant sets up a set-off or counterclaim.' In such a case it is declared that the defendant *may move for judgment against the plaintiff for want of a reply*, or for want of a sufficient reply to the whole or any part of the set-off or counterclaim; and *the court* may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due . . .". In the same opinion the court continues in the following language:

"These latter provisions differ from the former which dealt with the want of an affidavit of defense for the obvious reason that set-offs or counterclaims invariably involve a consideration of items or matters raised both in the statement of claim and in the affidavit of defense; all are interwoven; the consideration of one distinct from the other is generally impossible in effecting justice. Hence, it was ordained that *the court* should enter judgment in whatever amount was 'found due'. In order to determine what amount is due, if any, the *court* must consider the averments in the pleadings to decide that question, not the *prothonotary*. On a rule for judgment the whole record is considered: Federal Sales Co. v. Farrell, 264 Pa. 149."

We are of the firm opinion that the same law applies on a rule for judgment for want of sufficient affidavit of defense. The act of assembly did not give the prothono-

tary any such power. Hence, his act in granting such a rule was a nullity. We are convinced that the rule for judgment for want of a sufficient affidavit of defense should be discharged.

Now, therefore, May 19, 1939, the rule for judgment for want of sufficient affidavit of defense is hereby discharged with leave to plaintiff to present a motion in open court for a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense.