## WEAVER *v.* WOOD.

Where a written contract is executed for a consideration therein mentioned, a party is not concluded in an action for the breach of a parol contract from showing that the agreement evidenced by the written contract was the consideration for the contemporaneous parol contract. The written agreement is conclusive as evidence of the terms, only in actions founded on that contract.

An agreement to lease at a *fair rent* is sufficiently certain, for a tender of an agreement for a sufficient rent must precede the action for a breach of the agreement to lease ; unless the defendant has waived a tender. And a letting of the premises to another would be a waiver.

In error from the District Court of Allegheny.

The plaintiff declared that he was possessed of the unexpired term, viz : four years, of an hotel which was destroyed by fire. That the defendant, the lessor, was desirous of rebuilding the same, but could not do so unless the plaintiff would surrender his term ; and as the new house was to be more expensive than the former one, defendant could not let it for the same rent. That the defendant promised, in consideration of a surrender of plaintiff's term, that if he erected an hotel upon the land he would " give a lease of the same" to plaintiff, when ready for use, for the remainder of the old term, for a fair rent, or for such rent as any good man would give. In consideration whereof, plaintiff did surrender his term, and defendant erected the house. But though often requested to fix a rent and give plaintiff a lease, he refused so to do, and demised the same to a stranger. A verdict was entered for plaintiff on this count, reserving certain points.

The surrender referred to in the *narr.* was signed by plaintiff and several others, lessees of defendant. It recited their tenancies, and the destruction of the buildings by fire, and " in consideration of the same, and of the said Wood (defendant) hereby releasing us from any rent or rents from said date, and the sum of one dollar to us," &c., surrendered their terms.

Judgment *non obstante* was entered for defendant on the points reserved, which were decided as follows :—The contract was in writing, and therefore parol evidence of a different consideration could not be given : 4 Rawle, 130. That the contract to " give a lease" implied a writing, and showed the agreement was imperfect. That there was no mutuality, since the plaintiff was not bound to accept a lease : 7 W. 50 ; 14 Eng. C. L. Rep. 170 ; 17 S. & R. 45 ; 1 Johns. C. Rep. 273. That the contract was uncertain as to the amount of the rent.

*McCandless* and *Loomis,* for plaintiff in error.

*Shaler* and *Williams*, contrà.

*Oct.* 16. GIBSON, C. J.—The questions reserved at the trial were, whether the whole contract was embodied in the written surrender of the lease: whether the parol contract set up as independent of it, was mutual: and whether it was certain. It was supposed that the parol evidence contradicted the allegation of consideration contained in the written surrender, which was stated in it to be the nominal sum of a dollar, and a release from the payment of rent, which would have continued to accrue. For the purpose of its efficacy, these undoubtedly constituted the consideration of the surrender, which however was, in turn, the consideration of another and a distinct contract. Had Weaver refused to give up the premises, he would not have been allowed to say that the promise of Wood to give him another lease, was the consideration for the surrender of the previous one, and that, as it had failed, he was not bound by the instrument. The consideration to support it would have been that which was expressed in it, and he would have been compelled to yield. On the other hand, Wood may not insist that the parol promise is controlled by the consideration of the surrender. The executed contract and the executory one, are distinct and without connexion, further than that the former is the consideration of the latter. This consideration belongs to the class called executory in the text-books, as distinguished from a concurrent consideration, which is promise for promise, by which both parties are bound, or neither is. By a conditional promise, resting on an executory consideration, neither is bound till the consideration has been executed. It is noticed in Chitty on Contracts, 16; and the nature of it was said in Clark *v.* Russel, 3 Watts, 217, to be such, that if a party promise another a definite or a reasonable reward if he will do a particular thing, the party promised is not bound to do it; yet if he does it without more, he entitles himself to the reward. On the other hand, the promisor may retract before performance. Strictly speaking, there is no contract before that; for the offer is accepted only by the performance of the condition of it; but when that is done, there is the concurrent assent of two minds, and the contract is mutual as well as complete. What was the promise and its consideration here? I want you to surrender your lease, says Wood to Weaver, that I may build a new hotel on the ruins of the old one: do that thing, and I will give you a lease of it. Weaver does that thing, and claims performance of the promise. But, says Wood, here is your

T 2

written surrender, which says nothing of any promise, but on the contrary says that the consideration of it is a dollar and a release of rent: you can't contradict that.    I do not contradict it, says Weaver.    I agree that it was the consideration of my surrender, and I agree that it concludes me from maintaining that my surrender was the consideration of your promise, without which I would not have signed it.    As the paper was not sealed, a consideration was necessary to support it; and hence the insignificant one of a dollar, and the idle release of rent that was to cease with the lease.    Can it be said for this, that the instrument concluded Weaver from asserting anything, except that there was a sufficient consideration for it?    The nature of the transaction was misconceived, by treating the two contracts as a single one, resting on a concurrent consideration, and requiring, therefore, in the first instance, to be mutually binding.    The promise rested on an executory consideration, and whether it were to do the promisor a specific act of service, or to execute an instrument which would give him a legal advantage, cannot differ the nature or the effect of it.    The benefit was conferred by a written surrender; but it had no less effect to support the promise than if it had been effected before the statute of frauds, by cancellation or destruction of the lease.    The writing was not framed exclusively for the case of Weaver, who signed it in common with other tenants of Wood in the same predicament; but when that was done, the contract became mutual and binding.    The objection to it for uncertainty or incompleteness, is equally fallacious.    A written lease was doubtless contemplated : yet the framing and execution of it was not to be a reduction of the terms of the bargain to writing, but a fulfilment of it by performance of the thing to be done.    A vendor would not be listened to in defending an action for the breach of a parol contract to convey, were he to assert that the bargain was incomplete till it was executed and obsolete.    To allow such a defence would make every such contract an abortion; yet it is settled that an action may be maintained on it.    For the rest, an agreement for a lease at a fair rent, seems certain enough, as it may be reduced to certainty by recourse to extrinsic circumstances. Had not Wood put it out of his power to perform his promise by leasing to another, Weaver must have offered him a rent which would satisfy a jury that it was a fair one, before he had instituted his action; but that the repudiation of the contract exonerated him from it is plain, on a familiar principle of .the law of tender. The value of rents is not more variable than the price of goods or

labour; yet the action of *indebitatus assumpsit* for a *quantum vale-bant* or a *quantum meruit* is founded on a contract which leaves the price to the jury. Where a mode of fixing it has been appointed by the parties, it must be pursued, or the contract will be so imperfect that an action cannot be maintained on it; but it was held in Dennis *v.* Alexander, 3 Barr, 51, that it is so only while something remains to be done by the terms of the contract itself. In Scott *v.* Wells, 6 W. & S. 368, it was held that the terms of a sale are certain enough where the price of the thing can be ascertained by computation; and in Smyth *v.* Craig, Ib. 20, that the quantity of a thing sold must be determined by the jury when the ascertainment of it by means provided by the parties, has been prevented by the obstinacy of the defendant. Had the point been taken, it would have been more difficult to sustain the action on the proof to fix the extent of the term; but there was perhaps some evidence of a promise to let for a period equal to the term which the surrendered lease had to run; but it was not made a subject of contest, and the law of the case, in other respects, entitles the plaintiff to recover.

> Judgment for the defendant reversed; and judgment for the plaintiff.