# Noel *v.* Kessler, Appellant.

*Actions—Parties defendant—Suit in wrong capacity—Pleading—Statement of claim—Trials—Technical errors—New trial—Refusal—Appeal—Practice, Supreme Court.*

1. In an action for a balance alleged to be due for work done under a written contract and also for an amount due under a parol agreement, the caption of papers in the case set forth the names of defendants, followed by the words "formerly trading and doing business as Cambria Lumber Company," but the statement did not aver that the defendants had been partners; the affidavit of defense set up a counterclaim but did not deny the partnership liability; plaintiff offered in evidence a contract executed by Cambria Lumber Company which did not show any individual liability on the part of defendants; defendants did not plead surprise and ask for a continuance, but defended the case on its merits. *Held,*

that defendants knew that they were being sued as partners doing business as the company which had entered into the contract in question, and were not prejudiced by its introduction in evidence.

*Contracts—Evidence — Parol evidence rule — Contemporaneous oral agreement.*

2. Parol evidence is admissible to show that at the execution of a written instrument a stipulation was entered into, a condition annexed, or a verbal promise made upon the faith of which the writing was executed, though it may vary or materially change the terms of the contract. In such cases it is not necessary to allege that the agreement was left out of the contract through fraud, accident or mistake.

3. In such case it was not error to allow plaintiff to recover for hauling and stacking certain lumber in connection with which the work referred to in the written agreement was done, where it appeared that the written agreement was executed upon the faith of a parol agreement between plaintiff and defendants, that plaintiff would not be required to sort and stack the lumber and that several months after the written agreement was executed, defendants agreed that if plaintiff would sort the lumber and haul it, defendants would pay him an additional amount for so doing.

Argued Oct. 26, 1915. Appeal, No. 168, Oct. T., 1915, by defendants, from judgment of C. P. Allegheny Co., July T., 1912, No. 2691, on verdict for plaintiff in case of Hugh I. Noel v. William A. Kessler, Harvey F. Botsford and Harry N. Michael. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on written and oral contracts. Before MACFARLANE, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $1,633.16 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were rulings on evidence referred to in the opinion of the Supreme Court, and in refusing defendant's motion for a new trial.

*M. J. Hosack,* with him *Walter F. Michael,* for appellants.—The statement of claim not having alleged a partnership liability, the contract showing such liability was erroneously admitted: Shaw v. Merrill, 16 Pa. Dist. Reps. 708.

There being no averment of fraud, accident or mistake, parol evidence to vary the terms of the written contract was not admissible: Wodock v. Robinson, 148 Pa. 503; Lowry v. Roy, 238 Pa. 9; Krueger v. Nicola, 205 Pa. 38.

*Thomas H. Hasson,* with him *J. W. Leech and Harvey Roland,* for appellee.—The contemporaneous oral agreement was properly admitted: Everson v. Fry, 72 Pa. 326; Foster v. McGraw, 64 Pa. 464.

Defendants were estopped by the pleadings from denying a partnership liability: Reiter v. Fruh, 150 Pa. 623.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1916:

We are not inclined to interfere with the disposition of this case by the court below. The learned judge properly criticised the pleadings and trial of the case as "a very slovenly practice." There were technical errors committed in the trial of the cause on which the judgment might be reversed, but an examination of the record and the evidence convinces us that substantial justice has been done between the parties, and we will therefore, not disturb the judgment. The cause of action accrued in 1908, and the case should not be retried after this length of time unless it clearly appears that such error occurred on the former trial as affects the merits. The individual defendants, the appellants here, were duly summoned, appeared by counsel, entered a plea denying liability on the cause of action set forth in the statement, and were represented by counsel at the trial. They had every opportunity to defend themselves on the merits of the case. Unless, therefore, as observed above, the court can be convicted of some error which is not simply tech-

nical but affects the merits, the defendants have had "their day in court," and the litigation should end.

The action was brought to recover a balance due the plaintiff for work done under a written contract and also for an amount alleged to be due under a parol agreement with the Cambria Lumber Company. The written agreement was executed and signed by the defendant company by two of the individual defendants as president and secretary, respectively. The caption of all the pleadings in the case reads: "Hugh I. Noel against William A. Kessler, Harvey F. Botsford, Harry N. Michael, formerly trading and doing business as Cambria Lumber Company." The summons was issued against and served on all the defendants. The statement averred that the plaintiff entered into a written and parol contract with the Cambria Lumber Company without averring that it was a partnership composed of the individual defendants or that they were parties thereto or interested therein. On the trial of the cause the plaintiff offered the contract in evidence, and the offer was objected to because it did not show any liability on the part of the individual defendants. The objection was overruled and the agreement was admitted in evidence. The first two assignments allege error in the admission of this evidence. As the statement did not disclose that the individual defendants were parties to the contract, of course the evidence did not tend to prove their liability to the plaintiff, and was, therefore, not competent and might have been excluded. The statement filed in a case must allege liability on the part of the defendants and the proof must sustain that liability. The burden was on the plaintiff to show that these individuals constituted the partnership trading under the name of the Cambria Lumber Company. Until that fact appeared, the agreement offered in evidence imposed no liability on the individual defendants. If, therefore, when the offer was made there was nothing else in the case than that which was disclosed by the contract, the objection should have

been sustained. In determining the competency of the evidence, however, we must, under the peculiar circumstances of the case, take into consideration the whole record as it then stood and which was before the court and of which the court had full knowledge. The individual defendants, by their admissions in the pleadings, could waive the proper and necessary averments in the statement, and if they did so they cannot on this appeal, after a trial has been had on the merits, object to the informalities of the statement. The case could have been tried, with the acquiescence of the parties, without a statement or plea which the court could have directed at any time to be filed so as to make the record conform to that which was tried before the jury and found by the verdict. As already observed, the defendants were named in the caption of all the pleadings as "formerly trading and doing business as Cambria Lumber Company." An affidavit of defense was filed by one of the defendants as manager of the defendant company in which was set up a counterclaim, "being the amount to which the defendant has been injured and damaged by reason of plaintiff's failure to carry out his contract over and above the amount which is justly due and owing to plaintiff by defendant on account of said contract or on account of any other matter whatsoever." The affidavit did not deny the partnership. A notice of the filing of this affidavit and of the counterclaim entitled "Hugh I. Noel against William A. Kessler, Harvey F. Botsford, Harry N. Michael, trading and doing business as Cambria Lumber Company" was given "in the above entitled cause" by the "attorney for defendants." The defendants filed a petition, signed by Kessler and sworn to by him as "one of the defendants herein," asking for a stay of the proceedings until the costs in a former suit which had been discontinued were paid, in which they allege that the defendants are residents of Allegheny County, that they have a full, just and legal defense to all of the plaintiff's claim in the above case, and that the plaintiff

had "brought a suit against the same parties upon the same cause of action in the courts of Cambria County." A motion, verified by affidavit, was made by the plaintiff for leave to file an amended statement, averring the partnership, and in their answer to the rule to show cause why the amendment should not be allowed the defendants did not deny that they were partners. The individual defendants, therefore, knew by the pleadings the cause of action, and that they were sued as partners doing business as the Cambria Lumber Company which had entered into the contract in question. When their objection was overruled and the evidence was admitted, they did not plead surprise and ask for a continuance but, as the record shows, were prepared and introduced evidence to meet the plaintiff's case on its merits. The question of the competency and relevancy of the testimony was raised on a motion for a new trial and was decided by the court in banc against the defendants. The affidavit of defense and petition filed by defendants, as suggested by the court below, indicate an attempt to evade. There is no denial of the partnership by the defendants although the plaintiff, as pointed out above, distinctly averred it time and again in the papers filed by him in the case. The case was tried on the merits, and in the present condition of the record we think the first and second assignments should not be sustained.

We think the evidence, the admission of which is the subject of the third and fourth assignments of error, was admissible. It tended to show that at the time the written agreement was entered into there was a parol agreement between the plaintiff and the defendants that the former would not be required to sort and stack the lumber, and that upon the faith of this agreement the plaintiff signed the written contract. In fact, the evidence did not tend to contradict or vary the written contract which made no provision for sorting or stacking the lumber. It is settled by our decisions, however, that parol evidence is admissible to show that at the execu-

tion of a written instrument a stipulation was entered into, a condition annexed, or a verbal promise made upon the faith of which the writing was executed, though it may vary or materially change the terms of the contract: Greenawalt v. Kohne, 85 Pa. 369; Machin v. Prudential Trust Co., 210 Pa. 253. In such cases it is not necessary to allege that the agreement was left out of the contract through fraud, accident or mistake: Ferguson v. Rafferty, 128 Pa. 337; Croyle v. Cambria Land & Imp. Co., Ltd., 233 Pa. 310. The evidence of the Nissel contract was simply a corroboration of the plaintiff's testimony in support of the parol agreement. The testimony to establish the parol contract might well have been admitted for another reason, if we understand the averments in the statement. The defendants agreed with the plaintiff by parol in November, 1907, several months after the written agreement was executed, "that if the plaintiff would proceed to sort the lumber and haul it to Kaylor station, the defendant company would make it right with him, and pay him the extra costs of sorting and hauling the same to the station on account of the condition of the piling as aforesaid." The plaintiff alleged that by his written contract he was to haul the lumber after the defendants had sorted and placed it in separate piles which was to be done by their millman, and he having failed to sort and pile the lumber, the defendants agreed to pay the plaintiff for the work. This is averred in the statement as an additional claim for compensation for services rendered the defendants. If the plaintiff's testimony sustained this averment he was entitled to recover the value of his services rendered under the parol agreement. The other assignments do not require special consideration.

The judgment is affirmed.