# Dinch, Appellant, *v.* Workman.

*Bonds—Surety—Parol contemporaneous agreement—Evidence— Sufficiency.*

In an action by an obligee in a bond against a surety, the defense set up was that the latter had been induced to sign the bond through a parol contemporaneous agreement, whereby the obligee had agreed to assign a judgment against the principal debtor and that such transfer had not been made. It was agreed between the parties that the written papers did not state the whole contract, and that there was a contemporaneous agreement.

Under such circumstances, the case was for the jury as to the exact nature of such agreement.

A party who sets up a contemporaneous parol agreement has a heavy burden to carry, and must aver that any alleged omission is the result of fraud, accident or mistake, but no such requirement exists where the attempt is to use the writing in violation of a collateral promise whereby the party's signature was obtained to the instrument.

Where the written instrument admittedly does not contain the whole of the contract between the parties, in regard to the matter under consideration, the same strict requirements are not applied as in cases where it is claimed that the entire agreement is comprehended in the written contract.

Argued April 22, 1924. Appeal, No. 110, April T., 1924, by plaintiff, from judgment of C. P. Beaver Co., March T., 1918, No. 315, on verdict for defendant in the case of William E. Dinch v. W. F. Workman. Before

ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on bond.   Before BELL, P. J., 46th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court and in the report of a former suit in 75 Pa. Superior Ct. 101.

Verdict in favor of defendant and judgment was entered thereon.   Plaintiff appealed.

*Errors assigned* were, among others, the charge of the court and answers to points as follows:  (7) The learned court below erred in refusing to affirm unqualifiedly the fifth request of the plaintiff to charge, which request and answer thereto are as follows:

Instruments such as the bond in suit, having been solemnly executed should not be set aside unless you are convinced by evidence, clear, precise and indubitable as to the existence of the contemporaneous parol contract set up by the defendant.

Answer—We will read in that connection some of the other points, as follows:

6. A heavy burden rests upon him who sets up such a contemporaneous parol agreement.

7. The standard of proof required in such cases is that the evidence of such contemporaneous parol contract must be clear, precise and indubitable.

8. What is meant by indubitable proof in connection with such cases is evidence that is not only found to be credible but must be of such weight and directness as to carry a clear conviction of its truth to the minds of a jury.

9. Such evidence must be of such weight and directness as to make out the facts alleged beyond a reasonable doubt.

10. Such proof must be by at least two witnesses, or by one witness and such corroborating evidence from

39, (1924).]    Assignment of Error—Opinion of the Court.

other credible sources which are the equivalent of an additional witness.

Answer—These points taken together are affirmed. But we say to you that the expression "reasonable doubt" as here used does not precisely express what is required as the measure of proof in the later cases; and as used, by the term reasonable doubt is meant only a clear conviction of truth. When evidence has so impressed upon the jury a clear conviction of its truth, the standard has been met, in that measure of proof.

*Lawrence M. Sebring*, for appellant.

*Richard S. Holt*, of *Holt, Holt & Richardson*, and with him *W. A. McConnel*, for appellee.

OPINION BY LINN, J., July 2, 1924:

In 1916, McCrory ran the Grand Hotel; Dinch, with judgment for $3,500 against him, issued execution and levied on the contents. That levy led to negotiations with Dinch who authorized his lawyer, F. R. Stoner, to consider with McCrory some other method of collecting, or securing payment of, the debt. Mr. Stoner, McCrory and his wife, considered the subject with defendant Workman, and, before a contract signed by him was obtained, the negotiations were continued by his lawyer and resulted in an agreement. Two papers were signed: (1) a bond, by McCrory and Workman for payment to Dinch of $3,400 in specified annual installments ($100 for liquors returned being credited on the $3,500 judgment); (2) as collateral, a mortgage of real estate by Workman to Dinch. Both sides agree, though differing about its terms, that a parol agreement was made at the same time: (A) plaintiff contended that Workman's mortgage was to be a second lien on the real estate (when delivered, it was the third), and, that he agreed that when it became a second lien, he would assign to Workman the $3,500 judgment against McCrory; (B)

defendant contended that as inducing his execution of the bond and mortgage, Dinch agreed that he would assign the McCrory judgment to Workman, and that the only reason the assignment was not executed when the other papers were delivered, was that Dinch was absent.

On June 6, 1916, the papers were delivered and the situation was: Dinch had his judgment against McCrory with execution out, and the $3,400 bond of McCrory and Workman payable in installments, and Workman's mortgage as collateral; McCrory still had the hotel, with contents levied on. Subsequently, McCrory sold the contents of the hotel.

In December, 1917, when the first installment of $500 became payable by the terms of the bond, McCrory defaulted, and Dinch brought this suit, now here on his appeal, after trial resulting in a verdict and judgment for Workman. Judgment was taken against McCrory for want of an affidavit of defense; Workman filed an affidavit of defense, admitting the delivery of the bond, and McCrory's default, but denying liability on the ground that Dinch failed to perform the inducing parol agreement (B) set forth above; his defense was failure of consideration. Instead of going to trial on the issue so made, Dinch filed a replication averring that the oral agreement was not what defendant averred, but that the Workman mortgage should be a second lien on the real estate, (A supra) which, after delivery of the mortgage, was found to be already encumbered by two liens prior to the lien of the mortgage. To that replication, also without the provisions of the Practice Act, Workman filed a rejoinder, denying the oral agreement averred in the replication. With issues so made by the parties, they went to trial.

Appellant presents a number of assignments of error which we divide into three groups: (1) relating to the charge; (2) to the refusal to enter judgment for plaintiff notwithstanding the verdict; (3) to receiving defend-

ant's evidence that he was induced to sign the bond and mortgage by the parol agreement to assign the judgment.

The difference in the contentions of the parties is sharply stated in opening their arguments; appellant contends that "this is a case in which the defendant seeks to reform a bond by setting up a contemporaneous contract in parol"; while appellee states that the point now is "sufficiency of evidence to carry case to jury on question of contemporaneous parol agreement, reformation of writing not being involved." We consider it a case of a broken promise which induced defendant to sign the bond and the mortgage, and without which he would not have signed,—a failure of consideration. Both parties agreed that the written papers did not state the whole contract and that there was a contemporaneous parol agreement, differing only as to what lay in parol; they tried the case on that theory and we shall so treat it.

1. Appellant complains that the jury was not instructed that they could not find the parol contract (B supra) to be as averred unless the evidence was clear, precise and indubitable. We think there was such instruction; on that subject, a number of points for charge were presented. Six of them were read and answered together, and are made the subject of the seventh assignment of error (they will be found in the reporter's statement of the case). There was no error in that disposition of the points in this case; when so answered, the court had already affirmed defendant's fourth point as follows: "While the burden of proving such a contemporaneous parol contract as that relied on by the defendant, is on him, all that is required of him is to support his position by evidence that is clear, precise and indubitable." It is settled that "......whether the evidence reaches this degree or not is a question for the jury": Sulkin v. Gilbert, 218 Pa. 255, 260; the jury will "determine whether it should carry conviction to the mind": Bruce v. Loeb, 78 Pa. Superior Ct. 22, 25. Three witnesses, Mrs. McCrory, defendant Workman, and Mr.

Holt, Workman's attorney, testified that Dinch agreed to assign to Workman the Dinch judgment against Mc-Crory at the time Workman obligated himself; the absence of Dinch may have satisfied the jury why he did not then execute the assignment; a draft of such assignment was prepared at the time the bond and mortgage were prepared, and when these two papers were taken away to be executed by Workman, who had left before their preparation was completed, the draft of the assignment of the judgment was taken away by counsel for Dinch, apparently for his signature. It was within the power of the jury to find that, of the papers drawn to represent the understanding of the parties, Workman executed those drawn for his signature, but that Dinch did not execute his. Dinch's attorney testified "......that if they wanted the judgment we had no objection to assigning it to them......"; he drew the assignment; "......I told them I could not get the assignment at the time because Mr. Dinch was away; but that when he came home, I would get the assignment from him, and if the title was all right, I would deliver it." In that aspect, then, the case resembles Croyle v. Cambria Co., 233 Pa. 310, which supports appellee's contention; but, as the parties agreed that the executed papers did not contain the whole contract, the statement of the Supreme Court in Federal Sales Co. v. Farrell, 264 Pa. 149, at p. 153, is particularly pertinent: "It is true a party who sets up a contemporaneous parol agreement,......has a heavy burden to carry, and must aver any alleged omission was the result of fraud, accident or mistake; but it is equally true no such requirement exists where the attempt is to use the writing in violation of a collateral promise whereby the party's signature was obtained to the instrument: Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244. So, too, if admittedly the written instrument does not contain the whole of the contract between the parties, in regard to the matter under consideration, the same strict requirements are not applied.

Thus we held in Real Estate Title Insurance & Trust Company's App., 125 Pa. 549, a written instrument may be reformed on the unsupported testimony of one witness, if there is no countervailing evidence; and in Morrish v. Morrish, 262 Pa. 192, 198, a plaintiff may prove a trust arising out of a conveyance by a deed absolute on its face, if defendant admits there was a trust of some character. The reason for the rule is that a written instrument is presumed to contain the full and exact agreement of the parties thereto, but, when admittedly it does not, cessante ratione legis cessat ipsa lex." See too, Schnurman v. Hillegas, 276 Pa. 556, at p. 561. The seventh assignment of error is overruled.

Complaint is also made of the court's reply to a request to charge that "if the contention of the defendants were sustained, as to the parol contract set up, that the defendants at most would be entitled only to the damages which resulted to them; and there being no specific proof of damages, there would be no credit which could be allowed to the defendants on that account." The court refused the point, saying: "If the issues are otherwise found in favor of the defendants, then the question, upon the theory upon which this case has been tried, precludes the ascertainment of the specific amount of loss." If Dinch failed to perform,—if the consideration failed,— Workman was likewise relieved. As the defense was that a separate oral agreement between the parties constituted a condition precedent to the attaching of the obligation sued upon, if the oral agreement was proved, the obligation never came into existence. "When this defense prevails in a suit between the original parties to an obligation, its terms are not only [not] contradicted, but set aside. Failure of consideration, is, nevertheless, a defense, and so is a broken promise, if it induced the obligation": Gandy v. Weckerly, 220 Pa. 289. See also Weaver v. Wood, 9 Pa. 220.

2. From what has been stated, it is obvious that there was such contradiction in the contentions and evidence

offered in support of the respective claims of the parties, that it was the duty of the jury to find the facts.   Neither binding instructions for the plaintiff, nor judgment n. o. v., would have been proper.

3. Two assignments complain that the defendant was permitted to say that he was induced to sign and deliver the bond by the oral agreement of Dinch to assign the judgment.   As this is not a case of acting on false representations, the decision relied upon by appellee (Sulkin v. Gilbert, 218 Pa. 258, cf. Wilson v. Oil Co., 275 Pa. 355), does not support the trial judge in overruling plaintiff's objection to the evidence; on that subject we can add nothing to what was said in support of the exclusion of such evidence in Good Roads Co. v. Township, 34 Pa. Superior Ct. 538, in which the decisions of the Supreme Court were adequately considered by President Judge RICE.   We all agree, however, that, on this record, and particularly in view of the evidence (to some of which we have referred) to support defendant's contention concerning the making of the inducing agreement as alleged by him, the error was harmless, and not such as to justify a third trial of the case.

The assignments of error are overruled and the judgment is affirmed.