## Security Finance Company v. Reiser et al.

*Judgment—Opening judgment—Agreement not to enter up note—Parol evidence—Evidence.*

A judgment entered on a judgment note will not be opened because of an alleged oral agreement, denied by the judgment creditor, that the note would not be recorded until default upon a certain mortgage by co-defendants in the judgment, which had not occurred, where the note on its face was payable before the judgment was entered and unconditionally authorized the entry of judgment, and there is no averment or proof of fraud, accident or mistake.

Rule to open judgment. C. P. No. 2, Phila. Co., Dec. T., 1925, No. 8690.

*Maxwell Pestcoe*, for plaintiff; *George W. Harkins*, for defendant Schmidt.

LEWIS, J., May 27, 1926.—Judgment was entered on Jan. 12, 1926, against the three defendants on a judgment note dated July 2, 1925, payable one day after date and containing the usual warrant of attorney to enter judgment. Schmidt, one of defendants, has filed this petition to have the judgment opened as to him, on the ground that he was induced to sign the note only on the promise of the plaintiff company's president that it would not be entered of record unless and until there should be a default in the payment

Security Finance Company *v.* Reiser et al.

of a certain mortgage given to plaintiff by one of the two other defendants. Depositions were taken in support of and in opposition to the rule granted upon the petition and from which it appears, *inter* alia, that the president of plaintiff corporation flatly denies the making of any agreement or promise outside the terms of the note.

Testimony on behalf of the petitioner is to the effect that the defendants Reiser and Sonnenfeld were negotiating with plaintiff for a loan to be secured by a mortgage on property owned by Reiser; that the security of the mortgage was not deemed sufficient, whereupon Reiser and Sonnenfeld went to Schmidt and requested him to endorse or sign a judgment note to be used as additional security, and that Schmidt refused to sign anything that would have to be recorded. Reiser and Sonnenfeld then went back to the plaintiff company and had some conversation with the president, as a result of which they again took the judgment note to Schmidt. Before signing, Schmidt called up Weil, plaintiff's president, and as to the conversation that then took place, Schmidt testified he informed Weil he would not sign the note if it would be recorded, and that Weil stated the note would not be filed of record until there was a default under the mortgage, which was for a period of one year and on which all charges were to be paid in advance out of the amount of the loan. Weil's version of the conversation was that when Schmidt asked whether the note would be filed of record, he (Weil) merely assured him "as a rule we do not do it," and that there was nothing else to the telephone conversation.

We have gone into the testimony somewhat, although the narrow question presented is whether a judgment entered on a judgment note is to be opened because of an alleged oral agreement, denied by the judgment creditor, that the note would not be recorded until the happening of an event which has not yet occurred, where the note on its face is payable and unconditionally authorizes the entry of judgment. There is no averment of fraud, accident or mistake. Under the recent decisions of the Supreme Court of this Commonwealth, there is no doubt in our minds that the question is to be answered in the negative.

The case of First National Bank of Hooversville *v.* Sagerson, 283 Pa. 406, presents a situation that is analogous. Sagerson, against whom two judgments were entered on judgment notes, sought to have the judgments opened because of an oral agreement which he said was made by plaintiff's president to the effect that he, Sagerson, was not to be liable on the instruments which he signed. He testified (as was testified here) that he had signed to aid two of his friends in arranging certain financing matters and that it was agreed the notes would not be entered and he would not be liable on them. The lower court opened the judgments and granted a jury trial, which resulted in verdicts for defendant. The Supreme Court held that the lower court erred in opening the judgments and reinstated them, saying: "Appellee (defendant) admits he knew the legal effect of signing the notes. The court below permitted him to escape liability. If the integrity of written instruments is to be upheld, and we have announced it as our policy to uphold them (Gianni *v.* Russell & Co., Inc., 281 Pa. 320, 325), appellee must show the presence of some legal fraud, accident or mistake before the defence he seeks to make is available. This, we think, he failed to do."

The only difference between that case and the instant one is that the alleged oral agreement set up in the former had the effect of nullifying the written instrument, whereas the effect of the alleged oral promise here goes not so far, but is rather to add a condition to the terms of the writing. Schmidt

does not aver an agreement that there was to be no liability on him; he states the understanding was that the notes would not be entered and he would not be liable thereon until there should be a default in the mortgage. This, however, is not, in our opinion, a distinction calling for a different result.

In Second National Bank of Reading v. Yeager, 268 Pa. 167, one of three makers of a promissory note attempted to set up the defence of an oral understanding that he was not to be liable unless one of his joint makers defaulted in making certain payments to plaintiff, and even in case of such default was not to be liable before the happening of another event which had not yet transpired. The defence was held unavailing.

Another relevant recent decision of the Supreme Court is that in First National Bank of Donora v. Purcell, 284 Pa. 355, in which it is stated: "We thus have a case in which it is set up as a defence by the maker of an admittedly valid note that he was to be permitted to discharge his obligation to the bank, to repay the money he borrowed from it, by giving it a worthless piece of paper made by an insolvent. Such a defence cannot prevail in the teeth of the denial by the officer of the bank who conducted the transaction of the loan and the obligation to secure it: First National Bank of Hooversville v. Sagerson, 283 Pa. 406."

Although no direct reference is made by counsel to the above-cited cases, it is argued that "this is not a case in which there is an attempt to vary the terms of a written instrument, but merely to restrict its use in accordance with the terms of the contemporaneous agreement." Our attention is directed to Federal Sales Co. v. Farrell, 264 Pa. 149, wherein the court stated: "It is true a party who sets up a contemporaneous parol agreement varying the terms of a written instrument sued or defended upon has a heavy burden to carry and must aver any alleged omission was the result of fraud, accident or mistake; but it is equally true no such requirement exists where the attempt is to use the writing in violation of a collateral promise, whereby the party's signature was obtained to the instrument: Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244."

If it is the law of Pennsylvania that the rule regarding parol evidence does not apply where the attempt is to show a promise regarding the use to which the writing would be put, we are at somewhat of a loss to understand the more recent of the decisions of our highest court, as, for example, the Sagerson case. Yet it is true that a number of decisions appear to sustain such a proposition. A distinction seems to be drawn between "contemporaneous parol agreements, varying the terms of the written agreement sued or defended upon" and "collateral promises, whereby the party's signature is obtained, regarding the use to which the writing may be put." A promise made at the time a judgment note is signed that it will not be entered of record does not appear to belong exclusively to either of these groups, for the note, specifically by its terms, authorizes the entry of judgment; the parol agreement "varies" that provision and yet concerns the use to which the note is to be put. We conclude the argument made to take this case without the sphere of the cited authorities possesses no merit.

We are referred to Dinch v. Workman, 84 Pa. Superior Ct. 39, as authorizing the admission in evidence of the terms of a contemporaneous agreement which induced a surety to sign the obligation on which suit was brought. The evidence was received in that case for the reason that, as stated by the Superior Court: "Both parties agreed that the written papers did not state the whole contract and that there was a contemporaneous parol agreement." We

would, of course, receive in evidence and give effect to the oral agreement alleged to have been made here if it were conceded on both sides that there had been a parol understanding: Ward et al. *v.* Zeigler, 285 Pa. 557. Here a telephone conversation is admitted, but any agreement or promise is denied.

So much for the legal aspect of the case. We recognize that the effect of the rule as laid down in the decisions is sometimes to work a hardship, particularly in the case of those persons who are unused to transacting business and who are, therefore, all too prone not to reduce to writing material portions of their contracts. In some of such cases, the courts, in their desire to do justice, have rendered decisions that have led to confusion in the law regarding the effect of collateral agreements upon written instruments. We have nó such moving situation here. Schmidt, according to his own testimony, is not only a college graduate, but has been in the real estate business for nearly fifteen years. In answer to a question put by plaintiff's counsel, petitioner stated: "To be perfectly frank, I didn't know it was a judgment note. I signed it without going much into detail." If an agreement has been violated, it was the chance taken by defendant when he signed an instrument which plainly gave the right to enter judgment immediately, and chose to rely on an oral promise that such right would not be exercised.

Rule discharged.